**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

NAJARIAN CAPITAL, LLC,

        Plaintiff,

v.

MARIAN TUCKER, LYNETTE TOWNES, And All Others,

        Defendants.

1:17-cv-4012-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendant Lynette Townes's ("Defendant" or "Townes") Objections [5] to Magistrate Judge J. Clay Fuller's Order and Final Report and Recommendation ("R&R") [2]. The R&R grants Defendant's request to proceed *in forma pauperis* solely for the limited purpose of determining whether this action has been properly removed to this Court. The R&R also finds that this Court lacks subject matter jurisdiction over this action and recommends that this case be remanded to the Magistrate Court of Fulton County.

**I.     BACKGROUND**

On September 18, 2017, Plaintiff Najarian Capital, LLC, ("Najarian") initiated a dispossessory proceeding ("Complaint") against Defendant in the Magistrate Court of Fulton County, Georgia. ([1-1] at 8). The Complaint seeks

possession of premises currently occupied by Defendants and court costs of $139. (Id.)

On October 11, 2017, Defendant, proceeding *pro se*, removed the Fulton County action to this Court by filing her Notice of Removal[1] and IFP Application. ([1]).  Defendant claims in her Notice of Removal that "Respondent" violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Rule 60 of the Federal Rules of Civil Procedure, "having a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6 [sic]," and the Due Process Clause of the Fourteenth Amendment.  ([1-1] at 3).

On October 17, 2017, the Magistrate Judge issued his R&R, which recommends dismissing this action for lack of subject matter jurisdiction.  The Magistrate Judge found that the complaint did not present a federal question and that diversity jurisdiction did not exist.  ([2] at 3-4).

On October 31, 2017, Defendant filed an Objection and Response [5], requesting that "the court vacate the order to remand the case back to magistrate court Fulton County.  ([5] at 1 (uncorrected)).  Defendant argues that the "court errs if court dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings."  (Id. (uncorrected)).  Defendant further

---

[1] Defendant styled the filing a "Petition of Removal."  ([1-1]).

states that this Court has jurisdiction pursuant to "28USC 1332, USC 1331 (a), 28 USC 1443." (Id. (uncorrected)). Defendant also attached to the Objection a document with allegations directed to "defendant Wells Fargo Bank, N.A." ([1-1] at 3-5).

## II. DISCUSSION

### A. Standard of Review of the Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Defendant's Objection [5] merely reasserts that this Court has jurisdiction to hear this case. The Objection does not identify with any specificity any error in the Magistrate Judge's findings regarding jurisdiction or provide any additional facts pertinent to subject matter jurisdiction. The attached document containing allegations directed to Wells Fargo, N.A., does not appear to have any relevance to this case. The Court need not consider "[f]rivolous, conclusive, or general objections" to a magistrate's report and recommendation. Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

B. Subject Matter Jurisdiction

The Court finds no plain error in the Magistrate Judge's finding that this Court lacks subject matter jurisdiction. See Slay, 714 F.2d at 1095. Even if the Court were to consider Defendant's Objection [5] sufficient to require a *de novo* review, it is clear that this Court does not have jurisdiction to hear this dispossessory action.

The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a federal

court determines that it is without subject matter jurisdiction, the court is powerless to continue."  Id.

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  28 U.S.C. § 1441(a).  Removal in this case appears to be based on federal-question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction.  Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff's Complaint is a dispossessory warrant which is based solely on state law.  No federal question is presented on the face of Plaintiff's Complaint.  That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air

Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Removal is not proper based on federal-question jurisdiction.

The Court's jurisdiction in this action also cannot be based on diversity of citizenship, which extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1), (2). It appears that the parties are both Georgia citizens, and even if diversity did exist, Defendant fails to show that the amount-in-controversy exceeds $75,000.00. The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied. See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F.Supp.2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002). The Complaint here seeks possession of property Defendant currently possesses and court fees totaling $139. The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship. See Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy

requirement."). The Court thus lacks subject-matter jurisdiction and this action is required to be remanded to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). [2,3]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Order and Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 6th day of December, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Defendant, on her Civil Cover Sheet but not in her Notice of Removal, indicates that federal jurisdiction in this action is based on Defendant's status as a U.S. Government entity [1-2]. Defendant has not alleged in her Notice of Removal that she is an officer or agency of the federal government and it appears instead that Defendant is a private citizen.

[3] Even if the Court had subject-matter jurisdiction, the Court is unable to grant Defendant the relief she seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.